IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONICA L. BALL,

                Plaintiff,

v.                                             Civil Action No. 3:13-cv-00168-JAG

TAKEDA PHARMACEUTICALS
AMERICA, INC., *et al.*,

                Defendants.

## **MEMORANDUM OPINION**

In this most recent chapter of the plaintiff's prescription drug product liability case, the plaintiff, Monica Ball, moves the Court to reconsider its August 8, 2013, ruling dismissing the plaintiff's complaint in its entirety, with prejudice, and the Court's simultaneous denial of plaintiff's outstanding motions as moot. The plaintiff also moves to amend her complaint.

The plaintiff's first two motions request relief under Fed. R. Civ. P. 59, moving the Court to reconsider, respectively, the Court's dismissal of the plaintiff's complaint (Dk. No. 60) and its denial of plaintiff's outstanding motions (Dk. No. 62). The plaintiff's third and final motion moves the Court to grant her leave to amend her complaint (Dk. No. 64), a request that marks the sixth time the plaintiff has so petitioned this Court.

The plaintiff's motions are devoid of any new evidentiary discoveries or legal arguments; her briefs mischaracterize this Court's opinion and regurgitate the same claims and allegations this Court previously addressed and dismissed. Independently, but equally damning to her case, the plaintiff still fails to identify any medical expert retained for her products liability action. The Court DENIES each of the motions.

### A. Motion to Vacate Order Dismissing Plaintiff's Complaint

The plaintiff's memorandum in support of her Rule 59 motion to vacate this Court's dismissal of her complaint states none of the three cognizable grounds for amending a Court's earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

The plaintiff relies on the pleadings of an unrelated litigant in an unrelated *Qui Tam* case as comprising the type of "new evidence" that would warrant this Court's reconsideration of its earlier judgment. As initial matters, the pleadings in question were available to the plaintiff well before the Court dismissed the plaintiff's complaint, and the Fourth Circuit summarily dismissed the unrelated litigant's claim. Most importantly, however, pleadings – whether by the complainant or any other litigant – do not constitute "new evidence," and the plaintiff's attempt to represent them as such does not aid her cause.

The plaintiff's briefs focus on her apparently grievous injuries, and she asserts that her disabilities outweigh any hardship that would be suffered by the defendant should the Court decide to vacate its August 8 order. While the Court is not unsympathetic to the plaintiff's plight, it cannot excuse the plaintiff's failure to comply with the basic, elemental requirements of the law and federal civil procedure. The plaintiff's briefs, stated simply, provide nothing that merits serious consideration of the plaintiff's motion to vacate this Court's order.

### B. Motion to Vacate Order Denying Plaintiff's Motions

The plaintiff incorrectly asserts that the Court erred in denying the plaintiff's outstanding motions because this Court was obligated to "review the merits" of each motion. This Court dismissed the plaintiff's complaint because the plaintiff repeatedly failed to designate an expert

2

witness (despite numerous admonitions on the necessity of doing so, and more than ample time), and because the plaintiff's complaint contained numerous, fatal deficiencies as to matters of law. The motions in question had no bearing on the Court's decision to dismiss the complaint. The plaintiff's unresolved motions did not address, and could not have resolved, the shortcomings that mandated dismissal of her complaint. As such, the plaintiff's outstanding motions were moot, and the Court did not need to review the independent merits of each or any.

The second possible ground which the plaintiff *could* have asserted in support of her motion, as described *supra*, would be to allege the existence of the one of the three judicially recognized grounds for amending a judgment. The plaintiff fails to do so in this context, as well.

### C. Motion to Amend

Finally, the plaintiff moves that the Court grant her leave to amend her complaint "due to newly discovered evidence of fraud and misleading marketing." The "evidence" the plaintiff alludes to concerns the already-discussed pleadings of another unsuccessful litigant, and does not warrant further discussion here.

The decision to deny a litigant's motion to amend falls within a district court's broad discretion, and the Supreme Court recognizes that valid and sundry reasons exist justifying a court's exercise of that discretion in choosing to deny such a motion: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). In the instant case, the plaintiff's motion to amend enjoys the dubious distinction of satisfying each of those alternative grounds for denial.

This is the sixth time the plaintiff has moved to amend her complaint. The same deficiencies that necessitated dismissal in the plaintiff's *current* complaint were likewise present in the plaintiff's *earlier* complaints. The plaintiff's complaint failed to correct errors, remedy omissions, or provide valid, supporting law, despite possessing detailed notice of those shortcomings.[1] This Court's patience with and sympathy for the plaintiff's medical misfortunes are necessarily bounded by its responsibility for judicial efficiency and order, and its consideration of the not inconsiderable burden that the plaintiff's counsel's persistent incompetence places on the defendant.

### D. Lack of Expert

Notwithstanding any of the above, the Court denies the plaintiff's motions for a second independent, familiar reason: The plaintiff still lacks a medical expert. Without an expert, as noted at length in the Court's August 8 memorandum opinion, the plaintiff cannot proceed on her claims of product liability. Nowhere in any of the plaintiff's three motions does she identify a willing, capable, and *retained* medical expert. As such, her claims – and her motions – cannot proceed.

### CONCLUSION

For the reasons set forth above, the Court DENIES the plaintiff's motions.

The Court will enter an appropriate order.

Date: October 1, 2013  
Richmond, VA

/s/  
John A. Gibney, Jr.  
United States District Judge

---

[1] "The granting of leave to file another amended complaint, when [plaintiff] was on notice of the deficiencies before filing the most recent amended complaint, would undermine the substantial interest of finality in litigation and unduly subject [Takeda] to the continued time and expense occasioned by [plaintiff's] pleading failures." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013).